COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


WILLIE DESHAWN BROWN
                                                     MEMORANDUM OPINION[*]
    v.   Record Nos. 2529-03-1 and                        PER CURIAM
              2530-03-1                               MARCH 2, 2004

CITY OF NORFOLK,
 DEPARTMENT OF HUMAN SERVICES


           FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Everett A. Martin, Jr., Judge

        (Charles E. Vogan, Jr., on briefs), for appellant.

        (Bernard A. Pishko, City Attorney; Adam D. Melita, Assistant City
        Attorney, on briefs), for appellee.

        (Henry L. Sadler, III, Guardian *ad litem* for the minor children,
        on brief).


        Willie Deshawn Brown appeals the decision of the trial court to terminate her parental rights

to her two children, J.M. and D.J., pursuant to Code §§ 16.1-283(C)(2) and 16.1-283(E)(i).

Appellant contends the trial court (1) did not have sufficient evidence to support the termination of

her parental rights and (2) committed reversible error in terminating her parental rights because the

City of Norfolk, Department of Social Services (Department) did not provide placement options.

Upon reviewing the records and briefs of the parties, we conclude these appeals are without merit.

Accordingly, we summarily affirm the decisions of the trial court.  See Rule 5A:27.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We review the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences deducible therefrom. See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). So viewed, the evidence proved that Brown's parental rights were terminated as to another child, J.B., March 13, 2001. In June 2001, the Norfolk Juvenile and Domestic Relations District Court (JDR court) awarded custody of J.M. and D.J. to the Department. Although the Department's goal was to "Return to Parent," in June 2002, the Department requested a change in goal to "Adoption," which the JDR court approved. The JDR court ordered a termination of parental rights in October 2002, vacated the order in April 2003, and then denied the Department's petition to terminate parental rights. The Department appealed to the circuit court.

At the trial *de novo*, the evidence established that Brown had completed a substance abuse program, completed parenting classes, and had enrolled in anger management classes. Brown also had arranged for a relapse prevention program and had twice tested negatively for drugs. From June 2001 to June 2002, Brown was twice hospitalized. She had also been diagnosed with a bipolar or psychotic disorder, for which she received medication and established a treatment plan with the Norfolk Community Services Board. However, Brown failed to complete all of the ordered services and did not have stable housing. The evidence showed that her mental health issues prevented her from providing a stable environment for her children. During visitation with her daughters, she would behave appropriately, but would easily get upset, leading to chaotic visits.

The evidence established that Brown's parental rights were terminated as to another child, J.B., in 2001. The circuit court determined that it was in the best interests of the children to terminate Brown's parental rights pursuant to Code §§ 16.1-283(C)(2) and 16.1-283(E)(i).

ANALYSIS

I. Sufficiency of Evidence to Terminate

Recognizing that "[t]he termination of residual parental rights is a grave, drastic and irreversible action," Helen W. v. Fairfax County Dep't of Human Devel., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991), we, nevertheless, "'presume[] [the trial court has] thoroughly weighed all the evidence [and] considered the statutory requirements.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)). Code § 16.1-283 provides, in pertinent part, that a court may terminate the residual parental rights of a parent of a child in foster care upon clear and convincing evidence that it is in the best interest of the child and the following exists:

> The parent or parents, without good cause, have been unwilling *or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement*, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. Proof that the parent or parents, without good cause, have failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the time limits or goals set forth in a foster care plan filed with the court or any other plan jointly designed and agreed to by the parent or parents and a public or private social, medical, mental health or other rehabilitative agency shall constitute prima facie evidence of this condition. The court shall take into consideration the prior efforts of such agencies to rehabilitate the parent or parents prior to the placement of the child in foster care.

Code § 16.1-283(C)(2) (emphasis added).

The Department showed by clear and convincing evidence that after two years of foster care placement, Brown was unable to substantially remedy the conditions that led to and required her children's foster placement. Brown has neither completed all the ordered services nor stabilized her living environment and mental health issues. "It is clearly not in the best interests of a child to

- 3 -

spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Further, Code § 16.1-283(E)(i) provides

> [t]he residual parental rights of a parent or parents of a child who is in the custody of a local board of licensed child-placing agency may be terminated by the court if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that (i) the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . .

Because Brown's parental rights earlier had been terminated as to another child, the trial court had authority to terminate Brown's rights by this section alone.

"The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted). The record supports the trial court's finding that the Department presented clear and convincing evidence satisfying the statutory requirements of Code §§ 16.1-283(C)(2) and 16.1-283(E)(i) and establishing that termination of mother's parental rights is in the children's best interests.

## II. Failure to Consider Placement with Family Members.

Brown argues for the first time on appeal that the trial court failed to consider placing the children with relatives. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Appellant did not raise this objection before the trial court. Therefore, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the trial court received in evidence the Department's findings that no suitable placement with relatives was available for J.M. and D.J. See Hawthorne v. Smyth County Dep't of Soc. Servs., 33 Va. App. 130, 139, 531 S.E.2d

639, 644 (2000) (holding statute only requires court to "'*give a consideration to* granting custody to relatives of the child' prior to terminating parental rights and placing" in third party custody (emphasis added)).  Therefore, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, we summarily affirm the decisions of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>